## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent/Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | Case No: 05-CR-0054-JHP |
| MICHAEL LAMONT PHILLIPS, ) | |
| ) | |
| *Petitioner/Defendant*. ) | |

### ORDER AND OPINION

Before the Court is Petitioner Michael Lamont Phillips' ("Phillips" or "Petitioner") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody brought pursuant to 28 U.S.C. § 2255, [Doc. No. 120]. For the reasons cited herein, Petitioner's motion is **DENIED.**

### BACKGROUND

On April 6, 2005, a federal grand jury returned a two-count indictment charging Phillips with two counts of Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After pleading guilty to these two federal offenses, Phillips was sentenced to a thirty-seven (37) month term of imprisonment as to each count, each of the terms to run concurrently. Phillips was also sentenced to a term of three (3) years of supervised release.

On December 2, 2010, the United States Probation office filed an Order on Supervised Release, alleging Phillips had violated standard conditions of release by: (1) failing to make payments toward his court-ordered criminal monetary obligations; (2) failing to work regularly at

a lawful occupation; (3) failing to follow instructions of the probation officer; (4) failing to participate in cognitive/life skills training; (5) testing positive for cocaine; (6) failing to participate in substance abuse testing; (7) failing to permit a probation officer to visit him at any time at home or elsewhere; and (8) failing to notify the probation officer within seventy-two hours of having contact with a law enforcement officer.  In January 2011, this Court revoked Phillips' supervised release and subsequently sentenced him to two concurrent 11-month terms of imprisonment along with two concurrent 25-month terms of supervised release.  On May 27, 2011, Phillips was again placed on supervised release.

On October 31, 2011, the United States Probation filed a Superseding Order on Supervised Release alleged Phillips had violated the standard conditions of supervised release by: (1) failing to notify the probation officer within seventy-two hours of being arrested, questioned, or having contact with a law enforcement officer; (2) failing to participate in substance abuse testing; and (3) failing to submit monthly reports as required.  The order alleged that on September 6, 2011, Tulsa Police Department officers questioned Phillips in relation to a homicide that took place on September 4, 2011.[1]

On November 23, 2011, the Probation Office filed a Second Superseding Order on Supervised Release that alleged Phillips had once again violated his terms of supervised release.  Specifically, it alleged that Phillips had possessed a firearm on November 12, 2011.  The Probation Office presented a police report stating that on November 12, 2011, Phillips possessed a Smith & Wesson .38 revolver.

---

[1] The Court notes the Superseding Order on Supervised Release incorrectly alleges that Phillips failed to notify his probation officer that he "was contacted and questioned by officers of the Tulsa Police Department on November 6, 2011." [Doc. No. 72, 2]. Exhibit B to the Superseding Order on Supervised Release reflects, however, that Defendant was actually questioned by police officers on September 6, 2011.

During the second revocation proceeding before this Court, Attorney Jimmy Lance Hopkins represented Phillips. On February 29, 2012, this Court held a revocation hearing on the allegations that Phillips had violated the terms of his supervised release. After the parties put on their respective evidence, the Court found by a preponderance of the evidence that Phillips had violated one mandatory condition, two standard conditions, and one special condition of supervised release. The Court sentenced Phillips to a total of 48 months imprisonment, with no imposed additional term of supervised release.

On direct appeal, Phillips, assisted by Mr. Hopkins, contended that this Court erred in (1) not stating the specific reasons for the sentence imposed; and (2) imposing consecutive 24-month sentences. On November 13, 2012, the Tenth Circuit affirmed this Court's ruling. *Phillips v. United States*, Case No. 12-5043. The Tenth Circuit specifically stated that "in light of Phillips history of recidivism, the District Court did not abuse its discretion in sentencing Phillips to the statutory maximum sentence." *Id.*

On February 26, 2013, Phillips filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his conviction. In his motion, Phillips asserts the he is entitled to relief because he received ineffective assistance of counsel during trial and on direct appeal. Specifically, Phillips contends that his counsel failed to properly object to and appeal this Court's imposition of consecutive sentences.[2] Phillips' § 2255 motion is now fully briefed and before the Court.

## DISCUSSION

Section 2255 is not a substitute for an appeal and is not available to test the legality of matters which should have been challenged on appeal. *U.S.A. v. Mohammad Rizwan Ali Khan*,

---

[2] The Court notes that Phillips filed three supplements to his Motion. [Doc. Nos. 123, 126, & 127].

835 F.2d 749, 753 (10th Cir. 1987), *cert. denied,* 487 U.S. 1222 (1988).  As a result, "failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review." *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (quoting *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002).  Failure to raise an issue on direct appeal bars the movant/defendant from raising such an issue in a § 2255 Motion to Vacate Sentence unless he can show "both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense ... ." *Id.*  Since a writ of habeas corpus is an equitable remedy, a court may consider the merits of the procedurally barred claim, if the defendant alternatively demonstrates "that 'failure to consider the federal claims will result in a fundamental miscarriage of justice.'" *Id.*

In *United States v. Galloway,* 56 F.3d 1239, 1242 (10th Cir. 1995), the Tenth Circuit held claims of constitutionally ineffective counsel should be brought on collateral review.  Consequently, no procedural bar will apply to ineffective assistance claims which could have been brought on direct appeal but are raised in post-conviction proceedings.  A habeas petitioner may raise substantive claims which were not presented on direct appeal, however, if he can establish cause for his procedural default by showing he received ineffective assistance of counsel on appeal.

A court considering a claim of ineffective assistance of appellate counsel for failure to raise an issue is required to look to the merits of the omitted issue.  Where the omitted issues are meritless, counsel's failure to raise it on appeal does not constitute constitutionally ineffective assistance of counsel. *Hooks v. Ward*, 184 F.2d 1206, 1221 (10th Cir. 1999).  *See also, Smith v. Robbins,* 528 U.S. 259, 288 (2000).  Furthermore, issues previously raised and disposed of on

direct appeal generally will not be considered in a § 2255 motion absent an intervening change of law in the circuit. *United States v. Prichard*, 875 F.2d 789 (10th Cir. 1989) (citing *United States v. Nolan*, 571 F.2d 528 (10th Cir. 1978)).

In evaluating claims of ineffective assistance of counsel, this Court is guided by the familiar holding of *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984), which sets out the two elements necessary to demonstrate that an attorney's performance constituted an ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or [] sentence resulted from a breakdown in the adversarial process that renders the result unreliable.

Evaluation of an ineffective assistance claim is a fact-intensive inquiry, requiring a court to determine "whether counsel's assistance was reasonable considering *all the circumstances*." *Id.* at 688 (emphasis added). As the Supreme Court explained in *Strickland*, "representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *Id.* at 693. As such, great deference is granted to defense counsel's reasoned choice of action:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge in a strong

> presumption that counsel's conduct falls within the wide range of reasonable professional assistance: that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689 (internal citations omitted). *See also Boyd v. Ward*, 179 F.3d 904, 915 (10th Cir. 1999)("[T]hose accused of crimes, even capital crimes, are entitled only to a reasonable and adequate defense, not the defense which, in hindsight, they believe would have been best.").

Petitioner also bears the heavy burden of proving that the claimed errors actually had an adverse effect on his defense. Given "the presumption that a criminal judgment is final is at its strongest in collateral attacks on the judgment," Petitioner must show more than "that the errors had some conceivable effect on the outcome of the proceedings [as] [v]irtually every act or omission would meet that test." *Strickland*, 466 U.S. at 693, 697. Instead, Petitioner is required to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In his § 2255 motion, Phillips argues that Mr. Hopkins rendered ineffective assistance of counsel both before this Court and on direct appeal. Specifically, Phillips argues that Mr. Hopkins failed to properly assert Phillips' assertions that (1) this Court abused its discretion by sentencing Phillip to a term of imprisonment above the recommended sentencing guidelines range; and (2) the sentence violates the double jeopardy and double counting principles creating a merger problem in violation of the requirement of grouping closely related counts.

After carefully reviewing the record and considering the circumstances of this case, the Court finds that both of Phillips' contentions are meritless. First, the record from the hearing on the Order on Supervised Release demonstrates that Mr. Hopkins provided competent

representation before this Court. Mr. Hopkins thoroughly cross-examined a witness and made extensive, well-reasoned arguments on behalf of Phillips. Accordingly, the Court finds that Phillips cannot establish that Mr. Hopkins rendered ineffective assistance while serving as Phillips' trial counsel.

Further, the Court also finds that Mr. Hopkins provided competent representation on appeal. On appeal, Mr. Hopkins competently argued that this Court abused its discretion by imposing consecutive sentences. Although Mr. Hopkins did not make an argument concerning double jeopardy, double counting, or merger on appeal, the Court finds this decision was based on Mr. Hopkins' professional experience and does not evidence a lack of competent representation. Indeed, counsel's decision to assert only the consecutive sentences issue on appeal is entitled to significant deference. *Cargle v. Mullin,* 317 F.3d 1196, 1202 (10th Cir. 2003)("deferential consideration must be given to any professional judgment involved in [] omission" of an issue that has merit but is not compelling); *see also Welch v. Workman*, 639 F.3d 980, 1012-13 (10th Cir. 2011)("counsel need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.")(parentheses in original). In fact, by focusing on the strongest issue, counsel likely served his client better than had he raised every viable issue:

> The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. Every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court. For these reasons, a lawyer who throws in every arguable point - "just in case" - is likely to serve [his] client less effectively than one who concentrates solely on the strong arguments.

*LaFevers v. Gibson*, 182 F.3d 705, 722 (10th Cir. 1999)(quoting *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). Accordingly, the Court finds that Phillips cannot establish that Mr. Hopkins rendered ineffective assistance while serving as Phillips' appellate counsel.

## CONCLUSION

For the reasons cited herein, Petitioner Michael Lamont Phillips' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody brought pursuant to 28 U.S.C. § 2255 is **DENIED.**

*James H. Payne*
United States District Judge
Northern District of Oklahoma